FRED S. ROGERS AND Z. J. WALLIS, *et al*, v. W. J. BONNETT AND D. W. SOLOMON.

NEW TRIAL—*Motion.* The Statutes of Oklahoma of 1890 required that: "The application for a new trial must be by motion upon written grounds, filed at the time of making the motion." When no copy of motion for a new trial accompanies the proceedings or any other record to show that such motion in writing was presented. it will be presumed, for the purpose of upholding the judgment of the lower court, that all things have been done regularly there, and that no written motion, as provided in the statute, was filed.

*Error from the Probate Court of Kingfisher County.*

*T. J. Cutlip,* for plaintiffs in error.

*W. A. Taylor,* for defendants in error.

The opinion of the court was delivered by

McATEE, J.:   This cause came on for hearing in this court, and an opinion was filed September 7, 1894. It is here upon a petition for rehearing, and our attention is called, for the first time, to the fact, hitherto unobserved and not before presented in the briefs, that after the hearing of the case, the court took the case under advisement, and on the 30th day of June, 1893, rendered a general judgment for the plaintiffs in error, admitting the same to record by filing on the 30th day of June,

1893, and "refusing to entertain or allow filed a motion for a new trial."

No copy of a motion for new trial accompanies the proceedings, nor is there any other record to show how such motion was presented.

This cause was begun under the Code of Civil Procedure, when the Statutes of 1890 were still in force, but the case having been conducted to final judgment, the provisions of the Code of Civil Procedure of the Statutes of 1893 then became applicable.

Section 321 of the Code of Civil Procedure, Statutes of 1893, p. 815, provides that:

"The application for a new trial must be by motion, upon written grounds, filed at the time of making the motion."

There is in the record no evidence that any motion upon written grounds was ever presented to the court, and the offer to file the same and the refusal to allow filed is not sufficient evidence to us that any such motion was ever made in writing, in the absence of any copy of the written motion in the record. We regard the presumption that all things have been done regularly by the lower court, for the purpose of upholding the judgment of that court, to be stronger than any inference that might be drawn from the statement in the record that no written motion, as provided in the statute, was filed.

In the absence of a copy of motion for a new trial, the record must, at least, show that the motion itself was reduced to writing in order that the presumption in favor of the trial court might be overcome. (*Douglas v. Insley,* 34 Kan. 605; *Clayton v. School Dist.,* 20 Kan. 262.)

The judgment heretofore rendered in this case by this court is therefore vacated without re-examination. The judgment of the lower court will be affirmed.

All the Justices concurring.